UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER | : | CIVIL NO. 3:01CV0162(EBB) |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES | : | |
|     Defendant | : | SEPTEMBER 20, 2005 |

## OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL

### PROCEDURAL HISTORY

On March 17, 2003, a jury returned a unanimous verdict in favor of the plaintiff Greta Fairbrother on her Title VII claims that defendant caused her to suffer a hostile work environment and retaliated against her for complaining about the harassment. The verdict as to each claim was overturned on October 29, 2003, when the District Court granted defendant's Rule 50 motion for judgment as a matter of law. On June 14, 2005, the Second Circuit affirmed the Court's ruling on the retaliation claim but reversed the decision as to the hostile work environment claim. Defendant now renews the Rule 59 motion for a new trial regarding the hostile work environment.[1]

### STANDARD OF REVIEW

Unlike a Rule 50 motion, under Rule 59 the Court may weigh the evidence and need not view it in the light most favorable to the verdict winner, in this case, Greta Fairbrother. When considering a Rule 59 motion for a new trial, however, it remains

---

[1] Defendant is not seeking remittitur of plaintiff's verdict in the amount of $20,000.00. The issue of the verdict, however, was raised by the Second Circuit and must be further considered by this Court depending, it seems, on the outcome of the instant motion. Fairbrother vs. Morrison, 412 F.3d 39, 57-58 (2d Cir. 2005). Plaintiff respectfully reserves her right to provide further briefing on this issue if so warranted.

firmly established that the Court should only grant such a motion when the jury's verdict is egregious and should <u>rarely</u> disturb a jury's evaluation of a witness's credibility. <u>Ricciuti v. New York Transit Authority</u>, 70 F.Supp.2d 300, 305 (S.D.N.Y.1999) (emphasis added). This is particularly important in such a case as this where the quintessential situation of "he said, she said" exists and "where the jury's resolution of the decisive facts necessarily depended upon their evaluation of which witnesses to believe." <u>Id.</u>

## ARGUMENT

The defendant first argues that the granting of a new trial is necessary because plaintiff failed to produce evidence sufficient to prove a hostile work environment that materially altered the conditions of her employment. This argument was unsuccessful, however, as established by the thorough, detailed analysis by the Second Circuit. There, the Court stated that "[a]t trial, Greta Fairbrother presented <u>significant evidence</u> of sexual harassment that was sharply disputed by her employer, the State of Connecticut's Department of Mental Health and Addiction Services ("DMHAS") and the other defendants." <u>Fairbrother vs. Morrison</u>, 412 F.3d 39, 42 (2d Cir. 2005). While it is certainly not surprising that defendant sharply disputed plaintiff's evidence this does not demean the fact that the Second Circuit believes that Fairbrother's evidence at trial was "significant."

The Second Circuit also dismissed defendant's argument regarding imputed employer liability.[2] Defendant simply did not meet its burden of proof on this

---

[2] It should be noted that Fairbrother was not required to report the sexual harassment specifically to the Affirmative Action Office, Human Resources or administration of DMHAS. "The law is clear that opposition to a Title VII violation need not rise to the level of a formal complaint in order to receive statutory protection." <u>See</u> <u>Cruz v. Coach Doors, Inc.</u>, 202 F.3d 560, 566 (2d Cir. 2000); <u>Sumner v. United</u>

2

affirmative defense and placed a very low priority on this issue at the time of trial as admitted by trial counsel. <u>Fairbrother vs. Morrison</u>, 412 F.3d at 54-55. As clearly established by the Second Circuit, a new trial cannot be granted therefore on the basis of a Rule 50 type of argument that plaintiff did not produce evidence to support her claim.

Defendant does argue, in the alternative, that the jury's role of making credibility determinations, including plaintiff's testimony and evidence, should be disregarded by the District Court. Defendant would rather that the Court substitute its own view of the case, disregard the jury's verdict and credit defendant's predictable denial of plaintiff's allegations. Plaintiff respectfully submits that defendant's suggested standard of review is inappropriate even under a Rule 59 motion.

While certainly the Court is allowed to weigh the evidence presented at the time of trial, the purpose of a Rule 59 motion is not to eradicate the function of our jury system. Rather, a court may look to see if there is some other <u>independent</u> evidence adduced at trial that simply does not support the jury's verdict, or the version of the events presented by one side is so implausible so as to tax credulity. <u>Ricciuti v. New York Transit</u>, 70 F.Supp 2d. at 308. In this case, the jury did not ignore independent evidence in arriving at their verdict. Rather they listened to testimony of the parties, considered their evidence, and simply concluded that plaintiff was telling the truth. Just because defendant offered the "Ian Walker incident" as a theory for why plaintiff filed a complaint, does require the jury to believe it.

---

<u>States Postal Serv.</u>, 899 F.2d 203, 209 (2d Cir. 1990), (protected activities include "making complaints to management"). In this case, plaintiff testified that she complained to her supervisors and superiors, Davis, Boisvert and Morrison regarding the hostile work environment. While these individuals denied that she specifically mentioned sexual harassment or pornography, they did not deny that Fairbrother made complaints. The jury, however, is entitled to credit Fairbrother's testimony over that of defendant's witnesses.

3

The <u>undisputed</u> evidence showed at the time of trial that plaintiff did not have a single issue with her employment throughout her long tenure except for the relevant time period in this case, when she was assigned to the all male Unit 1.  TT, Fairbrother, pp. 18, 19, 55.  Additionally, plaintiff's testimony regarding the stereotypical, hostile and derogatory demeanor that the many of the Unit 1 male employees exhibited towards women was supported by the exhibits plaintiff introduced at trial.  Plaintiff testified without dispute from defendant that on any given occasion 2-3 sexually inappropriate posters would be posted in the employee break room on Unit One.  TT, Fairbrother, pg. 109.  While she did not keep a copy of each an every document, plaintiff's Exhibit 14 is most telling.  "<u>How to speak about women and be politically correct</u>" is one exhibit that the jury certainly took into consideration during deliberations.  While the exhibit speaks for itself, it is worth noting that it tells you that instead of referring to a women as a "Two Bit Whore – She is a Low Cost Provider".  Apparently, the jury could not imagine why anyone on Unit 1 would think it is acceptable to ever refer to a woman as a Whore in any manner.

Despite the significant evidence plaintiff provided at the time of trial, defendant attempts to make hay out of the fact that plaintiff's harassers in this case did not testify consistently with her version of the events that transpired during plaintiff's tenure on Unit 1. Since when does someone accused of calling a woman a "slut, whore and bitch" admit to such egregious behavior?  The fact is, in a discrimination claim, it is unlikely that the employee will have "smoking gun" evidence of harassment.  <u>See</u> <u>Rosen v. Thornburgh</u>, 928 F.2d 528, (2d Cir. 1991) citing <u>Hollander v. American Cyanamid Co.</u>, 895 F.2d 80, 85 (2d Cir. 1990).  While certainly there was a significant amount of "he said, she said",

and perhaps plaintiff's trial attorney could not drag a confession out of the accused, he did offer an actual document supporting plaintiff's claim that "Whore" was a term that Unit 1 was familiar with.  In any case, the Court did instruct the jury that "[c]ircumstantial evidence is of no less value than direct evidence."  TT, Jury Instruction, pg. 70.

Apparently, the jury also took seriously the Court's instruction regarding consideration of "bias" associated with a witness's testimony, most of whom still worked for defendant at the time of trial.  TT, Jury Instruction, pg. 72.  Moreover, cumulative testimony by the perpetrators denying their harassment of plaintiff does not make it more credible.  Despite defendant's contention otherwise, the "quantity" of denials are not a proper basis for overturning a jury's verdict.  TT, Court's Jury Instruction, pg. 71 ("You are interested primarily in the quality of the testimony and evidence offered and not in its quantity.").  The record clearly demonstrates that defendant did not offer any evidence actually independent of each parties' position in this case.

Finally, is it so incredulous that the jury believed pornography was being improperly used by defendant's male employees in and/or around Unit One?  No one denied that patients had wide latitude when it came to pornography, or that it was often seized and kept in the employee break area.  Further, as defendant admits, one employee testified that she had in fact seen it in a staff bathroom.  The mere fact that a defendant employee checked Unit One approximately one week prior to trial and did not find any pornography establishes nothing about whether it existed at the time of plaintiff's complaint.  Certainly, the jury is allowed to dismiss a particular piece of evidence as irrelevant or incredible even if it was admitted at the time of trial.

5

**CONCLUSION**

As stated, the Second Circuit believes that Greta Fairbrother presented significant evidence at the time of trial. Without question, defendant provided a sharp defense. The fact remains, however, that even under a Rule 59 motion, the Court should ignore the jury's verdict especially in a discrimination claim where the evidence is primarily based on "he said, she said." If this motion is granted, a message is sent to the Fairbrother jurors and those people who have yet to serve, that we do not trust their judgment even though that is what we tell them they must do: make judgments about a case, look at a witness and use your life experience to determine whether he or she is telling the truth. In this case, the jury told Greta Fairbrother through their verdict "we believe you and not the defendant." Of course, no one likes to lose at trial but someone always does. This time defendant lost because a jury said so and then went on to award the modest sum of $20,000.00.

For the foregoing reasons, plaintiff respectfully requests that defendant's motion for a new trial be denied and that judgment enter in favor of plaintiff.

                          PLAINTIFF, GRETA FAIRBROTHER

                          BY_____
                              Michelle Holmes
                              Federal Bar Number: ct20014
                              Law Office of Michelle N. Holmes
                              67 Holmes Avenue
                              Waterbury, CT  06702
                              (230) 596-1091
                              (203) 596-1093 fax
                              mholmes@mholmeslaw.com

<u>CERTIFICATION</u>

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 20th day of September, 2005, to the following counsel of record:

Joseph Jordano  
Assistant Attorney General  
55 Elm Street  
PO Box 120  
Hartford, CT  06141-0120

Clerk  
United States District Court  
District of Connecticut  
141 Church Street  
New Haven, CT  06510

                                              _____  
                                              Michelle Holmes