UNITED STATES DITRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER, | ) | CASE NO.: 3:01CV0162 (EBB) |
|     Plaintiff, | ) | |
| | ) | |
| STATE OF CONNECTICUT | ) | |
| DEPARTMENT OF MENTAL HEALTH | ) | |
| AND ADDICTION SERVICES, | ) | |
|     Defendant. | ) | SEPTEMBER 23, 2005 |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**RESPONSE TO THE MOTION FOR A NEW TRIAL**

The sum of the plaintiff's argument against the motion to a new trial is that the jury heard the evidence and chose to believe Greta Fairbrother's version of events, no matter how inconsistent or illogical that may have been.  This Court, in a very thorough and lengthy opinion, set forth numerous inconsistencies in the plaintiff's testimony and outlined the evidence that calls into question the plaintiff's credibility.  If the credibility of the witnesses is considered, as is permitted under Rule 59, the district court's opinion correctly notes the overwhelming evidence that supports the defendant's claim for a new trial.

The defendant submits Judge Burns had an opportunity at trial to listen to the witnesses and evaluate their respective credibility.  This is not a case in which two witnesses simply disagreed. Instead, the plaintiff did not call a single witness to corroborate her testimony. Every witness called at trial contradicted the plaintiff's testimony in some material respect.  For instance, the plaintiff claims that the staff area was permeated with pornography. Every witness, Police Lieutenant Caron, Union Steward Carol Burgess, FTS Jo-Anne Libera, Sgt. Aubin (by a written report), Pamela Morrison, Nurse Tammy Brown and all of the Unit 1 male Forensic Treatment Specialists

all deny the present of pornography in the staff areas, except for the occasional instance when a patient's pornographic material was confiscated pursuant to DMHAS policy. (See Court's decision pp. 35-41).

Similarly, the plaintiff claims a sexually hostile work environment, but felt comfortable enough to give sexually provocative messages to a male co-worker and grabbed the genitals of another male co-worker!  (See pp. 28-30). The un-refuted testimony was that the plaintiff broadcast her intention the day following the Ian Walker incident when she stated that she could start "a tit for tat" war according to Nurse Brown. These two incidents alone call into question whether the plaintiff's belief about a sexually hostile work environment is credible.

The above are just two of the many examples of a profoundly weak case that should be set aside because of the manifest injustice created by a jury verdict that was contrary to the evidence. More telling is the Appellate Court's invitation to defense counsel to renew its request for a new trial.  The Appellate Court, while reversing the JMOL, could have simply reinstated the verdict. But having found that the plaintiff's retaliation claim was insufficient as a matter of law, the Court of Appeals recognized the detailed work done by the trial court in its ruling and implicitly recognized that a new trial might be in order.

For all of the reasons stated in its original memorandum and this reply, the defendant asks that the court grant its request for a new trial on the sole remaining claim of a sexually hostile work environment.

                                         DEFENDANT,

                                         RICHARD BLUMENTHAL
                                         ATTORNEY GENERAL

BY:       _____
             Joseph A. Jordano  (ct 21487)
             Assistant Attorney General
             55 Elm Street, P.O. Box 120
             Hartford, CT 06141-0120
             Tel: 860-808-5340
             Fax: 860-808-5383
             email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

      The undersigned hereby certifies that on the 23rd day of September, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

    Michelle Holmes, Esq.
    Law of Michelle Holmes
    67 Holmes Avenue
    Waterbury, CT 06702

                                         _____
                                         Joseph A. Jordano
                                         Assistant Attorney General