UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER | : | CIVIL NO. 3:01CV0162(EBB) |
|    *Plaintiff* | | |
| | : | |
| v. | | |
| STAE OF CT, DEPT. OF MENTAL | : | |
| HEALTH AND ADDICTION SERVICES | : | MAY 16, 2006 |
|    *Defendant* | | |

**JOINT TRIAL MEMORANDUM**

1.  **TRIAL COUNSEL:**

    **Plaintiff:**

    Michelle Holmes, Esq.
    Law Office of Michelle Holmes
    67 Holmes Avenue
    Waterbury, CT  06702
    Tel.:  (203) 596-1091
    Fax:  (203) 596-1093
    Email: mholmes@mholmeslaw.com

    **Defendants:**

    Joseph A. Jordano
    Assistant Attorney General
    Federal Bar No. ct21487
    55 Elm Street - P.O. Box 120
    Hartford, CT  06141-0120
    Tel.: (860) 808-5340
    Fax: (860) 808-5383
    Email:  joseph.jordano@po.state.ct.us

    David C. Nelson
    Assistant Attorney General
    Federal Bar No. ct25640
    55 Elm Street, P.O. Box 120
    Hartford, CT  06141-0120
    Tel: (860) 808-5340
    Fax: (860) 808-5383
    Email:  davidc.nelson@po.state.ct.us

2.  **JURISDICTION**

    A.  **Subject Matter Jurisdiction**

    Subject matter is premised upon Title VII, 42 U.S.C. § 2000e and 28 U.S.C. § 1331.

    B.    **Personal Jurisdiction**

Personal jurisdiction is uncontested as to defendant DMHAS, the only remaining defendant.

3. **JURY/NON-JURY:** The plaintiff requests a jury trial.

4. **LENGTH OF TRIAL:** The plaintiff anticipates that she will need 2-3 days of direct testimony. The defendant anticipates that it will need 2-3 days of direct testimony.

5. **NATURE OF THE CASE:**

    A.    **Claim of Plaintiffs**

Plaintiff alleges that she was subjected to sexual harassment and a hostile work environment and that defendant failed and or refused to address her complaints and instead caused her to be further subjected to a hostile work environment.

    B.    **Defenses and Claims of Defendants.**

The defendant denies that it discriminated against the plaintiff in the form of a sexually hostile work environment. Further, the defendant contends the affirmative defense under Faragher v. Boca Raton, 524 U.S. 775, 115 S. Ct 2275 (1998) defeats plaintiff's claim.

6. **TRIAL BY MAGISTRATE JUDGE:** The case is set for trial before the Honorable Judge Ellen Bree Burns and therefore the issue of trial before a Magistrate Judge is moot.

7.     **LIST OF WITNESSES:**

**Plaintiff's Witnesses:**

1.     Any and all witnesses listed by defendant

**OBJECTION:** The defendant objects that the plaintiff did not list out her witnesses and the nature of their testimony as required by the standing order. Further, the plaintiff states that she may call defendant's witnesses despite her objection to certain witnesses.

**Defendant's Witnesses:**

1.     **Pamela Morrison-Wolf, former Chief of Human Resource Operations at CVH**. This witness will testify to: her investigation of the February 13, 2000 incident; her investigation of Fairbrother's 2000 CHRO complaint; CVH policies and procedures; her knowledge of facts relating to the plaintiff's allegations and meetings she had with the plaintiff and other CVH staff relating to the plaintiff; CVH policy regarding the possession of sexually explicit materials by patients; her investigations into two other employee complaints about Fairbrother; her knowledge of two other unsubstantiated complaints about sexually explicit material in Whiting; Fairbrother's prior counseling regarding her interaction with patients; the lack of any complaints about sexually explicit material or a hostile work environment by Fairbrother until after May 2000; her conversations with Fairbrother; and any other facts relevant to the plaintiff's allegations or the defendant's defenses.

      **OBJECTION:**     Plaintiff objects to any testimony by this witness that is hearsay; additionally, this witness is one of many that defendant intends to call to testify about policies, procedures, which is cumulative and lacks relevance. In addition, testimony about other allegedly "unsubstantiated" complaints of pornography in the workplace is irrelevant to plaintiff's claims in this case

2.  **Lt. Steven Caron, Whiting Forensic Police Department**. This witness will testify to: CVH policy and procedures regarding patient possession of sexually explicit materials at Whiting; the lack of complaints by Fairbrother regarding a hostile work environment or inappropriate sexually explicit material in staff areas prior to May 2000; the plaintiff's October 2000 unsubstantiated report of sexually explicit materials in staff areas that was investigated by the police department; the lack of complaints about male employees hanging sexually explicit material in staff areas; any other facts relevant to the plaintiff's allegations or the defendant's defenses.

    **OBJECTION:** Plaintiff objects to the testimony of this witness on the following general grounds: relevance, hearsay, and foundation. Specifically, this witness cannot testify about "lack of complaints" as he is not plaintiff's supervisor nor listed as an individual plaintiff could have brought her complaints to. Additionally, defendant lists more than 10 witnesses that he intends to call to speak about the policies regarding patients having pornography at Whiting. Such testimony is cumulative and this witness is not the appropriate witness to discuss such policies and/or procedures. Finally, plaintiff will stipulate that patients may have materials in their possession.

3.  **Ian Walker, Forensic Treatment Specialist, Whiting Forensic Institute**. This witness will testify to: his interactions with the plaintiff and the Unit 1 staff; the February 13, 2000, incident he witnessed; his interaction with William Boisvert, the Lead Forensic Treatment Specialist in Unit 1; the nature of the FTS position and its role and risks; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc. at Whiting; Fairbrother's conduct toward the Unit 1 staff after the February 13, 2000, incident; the lack of complaints by Fairbrother about sexually explicit materials or a hostile work environment; and any other facts pertaining to the allegations or evidence produced by the plaintiff in this lawsuit.

      **OBJECTION:**    Plaintiff objects to the extent that the testimony is cumulative; additionally, this witness cannot testify about "lack of complaints" inasmuch as he is not her supervisor nor is he identified as anyone that plaintiff could have complained to about the harassment;

4. **Tammi Brown, Former Forensic Head Nurse, Whiting Forensic Institute**. This witness will testify to: her interactions with the plaintiff and the Unit 1 staff; the February 13, 2000, incident she witnessed; her interaction with William Boisvert, the Lead Forensic Treatment Specialist on Unit 1; the nature of the FTS position and its role and risks; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc.; staff concerns about Fairbrother's interaction with patients; her observations of Fairbrother's interaction with patients; Fairbrother's conduct towards the Unit 1 staff after the February 13, 2000, incident; the lack of complaints by Fairbrother about sexually explicit materials; and any other facts pertaining to the allegations or evidence produced by the plaintiff in this lawsuit.

    **OBJECTION:**    Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

5. **James Young, Forensic Treatment Specialist , Whiting Forensic Institute**. This witness will testify to: his interactions with the plaintiff and the Unit 1 staff; the February 13, 2000, incident; his interaction with William Boisvert, the Lead Forensic Treatment Specialist on Unit 1; the nature of the FTS position and its role and risks; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc.; Fairbrother's conduct towards the Unit 1 staff after the February 13, 2000, incident; and any other facts pertaining to allegations or evidence produced by the plaintiff.

    **OBJECTION:**    Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

6. **Ronald Jursch, Forensic Treatment Specialist, Whiting Forensic Institute.** This witness will testify to: his interactions with the plaintiff and the Unit 1 staff; the February 13, 2000, incident; his interaction with William Boisvert, the Lead Forensic Treatment Specialist in Unit 1; the nature of the FTS position and its role and risks; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc.; the plaintiff's sexually provocative behavior in the work place; the plaintiff's interaction with patients; and any other facts pertaining to allegations or evidence produced by the plaintiff.

   **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance. The plaintiff also objects to any testimony about her alleged "sexually provocative behavior in the work place" as being highly prejudicial and irrelevant to the claims and defenses in this case.

7. **Jenna Drysdale, Forensic Treatment Specialist, Whiting Forensic Institute.** This witness will testify to: her interactions with the plaintiff; deny certain facts attributed to her by Greta Fairbrother; deny that Boisvert ever solicited her help to get rid of Fairbrother; the absence of any sexually explicit materials in staff area, except for those occasionally confiscated from patients; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc. at Whiting; and any other facts relating to the allegations or evidence produced by the plaintiff.

   **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

8. **Edward Albrecht, Registered Nurse, Whiting Forensic Institute.** This witness will testify to: William Boisvert never made any negative comments about Fairbrother or solicited his help to get rid of her; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc. at

Whiting; he saw no sexually explicit material in staff areas, rest rooms, etc.; he received no complaints from female employees about inappropriate sexually explicit materials in the staff area; any other facts relating to the allegations or evidence produced by the plaintiff; his interaction with Boisvert with regards to alleged comments made to Fairbrother about her; and any other facts relevant to the plaintiff's allegations or the defendant's defenses.

**OBJECTION:** This witness was never called at the first trial, never deposed and his testimony is irrelevant, hearsay, and cumulative.

9. **David Phelps, Forensic Treatment Specialist, Whiting Forensic Institute**. This witness will testify to: his interactions with the plaintiff and the Unit 1 staff; his interaction with William Boisvert, the Lead Forensic Treatment Specialist in Unit 1; the nature of the FTS position and its role and risks; patient possession of sexually explicit materials, procedures, confiscation, room inspections, etc. at Whiting; no attempt by Boisvert to get rid of Fairbrother or threat against Fairbrother; the plaintiff's sexually provocative behavior in the work place; plaintiff's interaction with patients; the lack of complaints to him by Fairbrother or other female staff about sexually explicit materials in staff areas; he saw no sexually explicit material posted in staff areas; and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance. Moreover, this witness is not plaintiff's supervisor or identified as someone plaintiff could have complained to about sexual harassment and any testimony regarding plaintiff's alleged conduct is irrelevant and merely designed to harass the plaintiff and confuse the jury.

10. **Jacques Ouimette, Forensic Treatment Specialist, Whiting Forensic Institute**. This witness will testify to: his interactions with the plaintiff and the Unit 1 staff; his observations of the plaintiff's interaction with patients;

7

and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

11. **Wadell Muhammad, Forensic Treatment Specialist, Whiting Forensic Institute.** This witness will testify to: his conversations with Fairbrother; no one has ever approached him about getting rid of Fairbrother; patient possession of sexually explicit materials at Whiting; he has never seen pornographic materials posted on walls on in staff area; and any other facts relating to the allegations or evidence produced by the plaintiff.

    **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance. This individual is not the subject of plaintiff's allegations and did not work in her unit at the time of the alleged incidents.

12. **Master Sgt. Alan Aubin, Whiting Police Department, CVH.** This witness will testify to: his investigation in November 2000 of the plaintiff's allegation of pornographic materials permeating Whiting staff area and any other facts relating to the allegations or evidence produced by the plaintiff.

    **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

13. **William Boisvert, former Lead Forensic Treatment Specialist, Whiting Forensic Institute**. This witness will testify to: his interactions with the plaintiff; the plaintiff's poor handling of patients; his concerns about her escalating patients; her lack of any complaints about a hostile work environment or harassment; the role and risks associated with the FTS position; staff

communications; patient possession of sexually explicit materials at Whiting; Whiting procedures and policies; the February 13, 2000, incident; the plaintiff's 2000 performance evaluation; Pamela Morrison-Wolf's investigation of the February 13, 2000, incident; the plaintiff's allegations that he attempted to get rid of her; his verbal counseling of FTS Phelps about the plaintiff giving provocative massages at work; there was no sexually explicit materials lying around in the staff area; and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

14. **John Etienne, Director of Affirmative Action, CVH**. This witness will to: the investigation of the February 13, 2000, incident; the requirement that sexual harassment complaints be reported and investigated; his involvement in investigation of Fairbrother's CHRO complaint and amended complaint; the police investigation into the plaintiff's claim of inappropriate sexually explicit materials in staff areas; and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance. All testimony and evidence regarding the CCHRO proceedings and/or findings are inadmissible .

15. **Greta Fairbrother, Forensic Treatment Specialist, Whiting Forensic.**
This witness will testify to allegations in her complaint and deposition

16. **Angela Kerin, Nurse Supervisor, Whiting Forensic Institute**.
This witness will testify to: her interactions with Greta Fairbrother and the Unit 1 staff; incident on December 26, 2000, involving Greta Fairbrother; her reporting the incident to police; reported incident to Deputy Director; Whiting policies and

procedures; and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

17. **Allan Davis, former Nurse Supervisor, Whiting Forensic Institute.** This witness will testify to: his interactions with Fairbrother including his conversation with her on February 13, 2000; Whiting policies and procedures; and any other facts relating to the allegations or evidence produced by the plaintiff.

   **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

18. **Chris Colavito, Forensic Treatment Specialist, Whiting Forensic Institute.** This witness will testify to: his interactions with Greta Fairbrother and the Unit 1 staff; deny facts or statements Fairbrother attributes to him; and any other facts relating to the allegations or evidence produced by the plaintiff.

   **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

19. **Carol Burgess, former Forensic Treatment Specialist, Whiting Forensic Institute.** This witness will testify about: her serving as the plaintiff union delegate and representative; the plaintiff's grievance regarding her suspension in 2000; the plaintiff's meeting with Allan Davis on February 13, 2000; and any other facts relevant to the plaintiff's allegations or the defendant's defenses.

   **OBJECTION:** Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance.

20.     Defendants reserve the right to call the Plaintiff's witnesses.

**8.     DEPOSITION TESTIMONY:**

**Tammi Brown**.  The defendant will offer the testimony of witness, Tammi Brown, by way of a video deposition because Ms. Brown resides outside the jurisdiction of this court and is unavailable for trial.  This witness's expected testimony is set forth above.

**OBJECTION:**     The plaintiff objects to any testimony by way of video as counsel will not have the opportunity to cross-exam the witness.

**Jo-Anne Libera, former Forensic Treatment Specialist, Whiting Forensic Institute**.  This witness is deceased and will testify by deposition to the following:  that she had no conversations with William Boisvert about Fairbrother; her conversations with Fairbrother; patient possession of sexually explicit materials at Whiting; a single isolated complaint she made about pornographic material in staff area which was promptly handled by management; that she received no complaints by Fairbrother that she was being subjected to sexual harassment; no threats she is aware of against Fairbrother; and any other facts relating to the allegations or evidence produced by the plaintiff.

**Allan Davis, former Nurse Supervisor, Whiting Forensic Institute**.
This witness will testify by deposition because he will be out of state from June 13-20, 2006 to:  his interactions with Fairbrother including his conversation with her on February 13, 2000; Whiting policies and procedures; and any other facts relating to the allegations or evidence produced by the plaintiff.

**OBJECTION:**     Plaintiff objects to this testimony to the extent that it is cumulative, hearsay and relevance and that he should be required to testify in person.

**9.   LIST OF EXHIBITS:**

**Plaintiff's Exhibits:**

Plaintiff reserves the right to amend her list of Exhibits in response the Court's ruling on plaintiff's objections to defendant's exhibits.

1. Plaintiff's performance evaluations from the date of hire through 1998;

   **OBJECTION**:   relevance, foundation

2. Notices found posted to bulletin board in staff areas.

   **OBJECTION**:   vague, irrelevant, foundation (if different than first trial were not disclosed in discovery), unfairly prejudicial

**Defendant's Exhibits:**

A. Department of Mental Health and Addiction Services Commissioner Policy No. 27 on Sexual Harassment and Attachments.

B. CVH Operational Policies and Procedures Manual, Section II, Policy 9, Procedure 9.27.
   **OBJECTION:**                Relevance

C. Department of Mental Health and Addiction Services General Work Rules.
   **OBJECTION:**                Relevance

D. CVH investigative materials: Fairbrother - February 13, 2000 incident. (MHAS-20 Report, Written Statements; Notes of Denise Ribble; Notes from interview with plaintiff).
   **OBJECTION:**                Relevance, hearsay, foundation.

E. Final Investigation Report to DMHAS Director of Labor Relations, dated April 17, 2000.
   **OBJECTION:**                Relevance, hearsay, foundation.

F. Letter from Pamela Morrison to Attorney Otto Witt, dated April 28, 2000.

|   |   |   |
|---|---|---|
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| G. | Handwritten Notes of Pamela Morrison of Loudermill Hearing by on May 9, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| H. | Letter from Pamela Morrison to CVH employees, dated 1/28/99: | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| I. | Affidavit if Illegal Discrimination by Greta Fairbrother, dated May 12, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| J. | Letter from Pamela Morrison to Greta Fairbrother regarding suspension, dated June 22, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| K. | Amended Affidavit of Illegal Discrimination by Greta Fairbrother, dated October 10, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| L.. | Ruling on Fairbrother's grievance regarding suspension, dated October 19, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| M. | Memo to Dr. James Cassidy from Police Sgt. A. Aubin, dated November 3, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| N. | Performance Appraisal of Greta Fairbrother dated 9/28/00. | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| O. | Incident report dated January 13, 2000; | |
|   | **OBJECTION:** | Relevance, hearsay, foundation. |
| P. | Investigative Note and statement by Tammi Brown. | |

**OBJECTION:** Relevance, hearsay, foundation.

10. **ANTICIPATED EVIDENTIARY PROBLEMS:**

**Plaintiff:**

Plaintiff anticipates issues with testimony and evidence regarding the content of CHRO complaint and any findings or rulings issued by the CHRO. In addition,

13

defendant apparently intends to call more than ten witnesses to testify regarding the same issues. This is cumulative testimony and prejudicial to the plaintiff. Plaintiff takes the position that any evidence regarding the Ian Walker incident and her 2000 performance appraisal is no longer relevant because the claim for retaliation is not part of this case. Plaintiff also takes the position that letters, documents, hand written notes are all inadmissible because they lack foundation, are cumulative and contain hearsay and irrelevant information that serves only to confuse the jury.

**Defendant:**

The defendant expects that no evidence will be offered regarding the plaintiff's retaliation claim as the Second Circuit Court of Appeals affirmed the JMOL as to the plaintiff's retaliation claim.

The plaintiff has objected to nearly all of the defendant's witnesses and exhibits.[1] The defendant is prepared to address in detail the plaintiff's objections to witnesses and exhibits at the pre-trial conference and, if the court so desires, will brief the contested issues. To facilitate the pretrial conference, the defendant notes the following points regarding the plaintiff's objections.

The defendant disagrees with the plaintiff's anticipated objections in part because they are overly vague. For instance, the plaintiff objects to "ten witnesses being called to say the same thing." In the first trial, however, the plaintiff testified that all of the Unit 1 male staff, except for David Phelps, made inappropriate comments to her. If this same testimony is offered by the plaintiff at this trial, then defendant is entitled to call all of the Unit One staff and anyone else to refute the plaintiff's claims. These witnesses are also

relevant to the issue of alleged pornography permeating Unit 1. The defendant will stipulate that patients can have pornography, but the plaintiff testified in the first case that the pornography was left out specifically for her to see. The stipulation, therefore, does not address fully the issue of a hostile work environment.

The plaintiff's interaction with the employees on Unit 1 and her lack of any oral complaints to her co-workers or friends is material to the objective and subjective components of a sexual hostile environment claim. Someone need not be the plaintiff's supervisor in order for her to manifest a complaint about conduct in the workplace. What the plaintiff said, or did not say, to co-workers can be material.

Plaintiff objects to information about the Ian Walker matter because retaliation is no longer part of the case. The plaintiff's objection misunderstands the reason this evidence was offered in the first trial. This information was not offered during the first trial on this issue or retaliation, but on the objective and subjective elements of a hostile work environment and the motive for her alleged claim.

Lastly, the defendant will offer exhibits showing the plaintiff's CHRO complaints to show notice to the employer along with documents showing the employers response as part of its affirmative defense.

**11.    MOTIONS IN LIMINE**

**Parties reverse their right to file such motions five days before trial.**

**12.    PROPOSED VOIR DIRE QUESTIONS:**

**Plaintiff's proposed voir dire questions are attached as addendum A.**

**Defendants proposed voir dire questions are attached as addendum A-1.**

---

[1] The plaintiff has not objected to the deposition testimony of Jo-Anne Libera and defendant's exhibit A – DMHAS Commissioner Policy No. 27 on Sexual Harassment and its attachments.

13. **STIPULATION OF UNCONTROVERTED FACTS:** None.

14. **PROPOSED JURY INSTRUCTIONS:**

    **Plaintiff's proposed jury instructions are attached as addendum B.**

    **Defendant's proposed jury instructions are attached as addendum B-1**

14. **PRETRIAL CONFERENCE:**  A pretrial conference is scheduled for May 23, 2006.

15. **JURY SELECTION:** Jury selection is scheduled for June 13,  2006.

16. **TRIAL:**  The above matter is scheduled for trial beginning on June 14, 2006.


_____  
Michelle Holmes, Esq.  
Law Office of Michelle Holmes  
67 Holmes Avenue  
Waterbury, CT  06702  
Tel.:  (203) 596-1091  
Fax:  (203) 596-1093  
Email: mholmes@mholmeslaw.com  

_____  
Joseph A. Jordano  
Assistant Attorney General  
Federal Bar No. 21487  
55 Elm Street - P.O. Box 120  
Hartford, CT  06141-0120  
Tel: (860) 808-5340  
Fax: (860) 808-5383  
Email:  
joseph.jordano@po.state.ct.us  


_____  
David C. Nelson  
Assistant Attorney General  
Federal Bar No. 25640  
55 Elm Street, P.O. Box 120  
Hartford, CT  06141-1020  
Tel: (860) 808-5340  
Fax: (860) 808-5383  
Email: davidc.nelson@po.state.ct.us