ADDENDUM B-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER, | : | CIVIL NO. 3:01CV0162 (EEB) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES | : | |
| *Defendant.* | : | MAY 16, 2006 |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

## **INSTRUCTION NO. 1**

### **GENERAL INSTRUCTIONS**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you as to the law applicable to this case.

1.      It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole, nor are you to be concerned with the wisdom of any rule of law stated by me.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law other than that given in the instructions of the

Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. [1/]

2.     Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you must follow this Court's instructions.

3.     It is your duty as a jury, to deliberate on this case and arrive at a decision based upon the evidence and the law. Sympathy has no place in the case and you should definitely avoid any consideration of sympathy as a basis for your decision    The legal rights of the defendant and the plaintiff are both to be safeguarded.  All of the parties, the plaintiff and the defendant, are equal in the eyes of the law and are entitled to equal protection of the law and equal rights in the hands of the jury.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences of your decision.

4.     Nothing I say in these instructions is to be taken as an indication that the Court has any opinion about the facts of the case.  It is not my function to determine the facts, but rather it is yours.

5.     Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given to you in my instructions.

_____

[1/]     Paragraphs 1-12 of Instruction 1, were adapted from instructions utilized by the Court in the case of <u>Coleman v. Siedel</u>, 533 F. Supp. 593 (D.Conn. 1980).  Authority for remaining paragraphs appears by footnote directly after each instruction.

6.      As the sole judges of the facts, you, the jury, must determine which of the witnesses you believe and what portion of their testimony you accept, and what weight you attach to it.  At times during the trial the court has sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, has instructed that it be stricken from the record and that you disregard it and entirely dismiss it from your minds.

7.      You may not draw inferences from unanswered questions, nor may you consider testimony that has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.  The items that I have excluded from your consideration have been excluded because they are not legally admissible.

If in these instructions any rule, direction or idea is repeated or stated in varying ways, no emphasis thereon is intended by me and must not be inferred by you.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others, but are to consider all the instructions as a whole and are to regard each in light of all the others.

8.      The Court will first direct your attention to certain general principles, which will guide your consideration of the matters which are in litigation, before discussing the specific facts of this case and the law applicable thereto.

9.      You, ladies and gentlemen, are the sole judges of the facts. You are to find the truth as to the facts and in so doing, to recollect the testimony, and from that recollection of the testimony, including the weighing of that testimony and passing upon the credibility of the witnesses, draw your own conclusions as to what the ultimate facts of the case are.  In so doing, you are not to be governed by what counsel for either of the parties in their arguments may say the testimony was, or even what the Court might say the evidence in the case was; for if your

recollection of the factual evidence is different, it is your recollection that must govern. Statements and arguments of counsel are not evidence in the case.

10.     If you wish to have the courtroom testimony of any witness repeated or verified, you may request the Court by a note from your foreperson, in writing, to have that part of any witness' testimony read back to you by the court reporter.  For, as I previously stated, you are to be the sole judges of the facts.

11.     In weighing the evidence, you are allowed to draw logical inferences from facts which you find have been proved; but you must not go outside the evidence to find facts, nor to resort to guesswork or conjecture.

12      The law you must accept is that stated by the Court in this charge; and you should do this without regard to any claims as to the law which may have been made by counsel for either side during the trial or during the summation arguments; also without regard to any personal convictions you may have yourself as to what the law ought to be, as it applies to the kind of case that has been presented before you here.

**INSTRUCTION NO.  2**

## Burden of Proof

1.      The burden is on the plaintiff, Greta Fairbrother, in this civil action to prove every essential element of her claim by a preponderance of the evidence.  If the plaintiff should prove each essential element of her claims by a preponderance of the evidence, the jury should find for the plaintiff.  If, however, the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence in the case, the jury should find for the defendant.

2.      Now, what do I mean by a fair preponderance of the evidence?  What is the measure of this weight or burden?  Well, it is simply this:  the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which she advances are so, that they are true.  Of course, you cannot literally weigh evidence on an imaginary pair of scales, although we use that term.  But, if you could weigh evidence on an imaginary pair of scales for, or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

3.      If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden of proof has not been met.  But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in her favor, then that burden has been met.

4.      It is not required that the defendant come into Court and attempt, if it does not so desire, to dispute the claims of the plaintiff or to minimize the damages which she claims; and it are not required to produce any evidence one way or another.  The defendant may, of course, as it has done in this case, present such evidence as it chooses, and cross-examine the plaintiff's witnesses.  The plaintiff carries the burden of proving her case.

5.      All of the testimony must be weighed by you, including that which is brought out on cross-examination and that which the defendant has presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established her claims, by a fair preponderance of the evidence.

6.      In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of her complaint, the Court makes reference to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here.  However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that she must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find."

7.      In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence.  If she should fail to do so, then you would find for that defendant.  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

8.      Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so.  It is the plaintiff's burden to produce evidence, if she can, that will convince you that the actions of a defendant as applied to the plaintiff, violated the law.

**INSTRUCTION NO. 3**

**<u>Evidence</u>**

1.      There are, generally speaking, two types of evidence from which a jury may

properly find the truth as to the facts of a case.  One is direct evidence such as testimony of an

eye witness.  The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

2.    Now, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3.    You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

4.    Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in this case.  You cannot, however, resort to speculation or conjecture.

5.    The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiff and that presented by the defendant considered fairly and impartially, induces in your mind a reasonable belief that it is more probable than otherwise that such fact or issue is true.

**INSTRUCTION NO. 4**

**Witnesses**

1.      Now, in respect to the credibility of witnesses:  The credibility of witnesses and the weight to be given to their testimony are matters which it is peculiarly your function to determine.  However, I may properly make certain suggestions to you.

2.      No fact is, of course, to be determined merely by the number of witnesses testifying for or against it; it is quality, not the quantity of testimony that counts.

3.      In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness.  You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or a defendant; his interest or lack of interest of whatever sort in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

4.      You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it.  In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

5.      The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind, and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it

that weight which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

6.    Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons witnessing the same incident or transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

7.    If, however, you conclude that a witness has not only testified falsely but that he/she had done so intentionally or willfully, that facts casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of his testimony.  In this regard you may also take into consideration a witness' previous criminal history for the purpose of weighing the credibility of that witness' testimony in this Court.

8.    You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

9.    It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.   It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

10.     You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**INSTRUCTION NO. 5**

**<u>Business Judgment</u>**

As you consider the evidence you must keep in mind that the employer's business judgment is not the issue, but rather your must focus solely on the employer's motivation for its

action.[2]  The plaintiff must show more than that the Defendant made an unwise business decision

or an unnecessary personnel move, or acted arbitrarily.  Good faith errors in an employers'

business judgment are not, standing alone, evidence of discrimination.[3]

---

[2]     Blake-McIntosh v. Dadbury Beverages, Inc., 1999 U.S. Dist. 16550 (D. Conn. August 10, 1999), Gray v. New England Tel. And Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986).

[3]     Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986); Cowan v. Glenbrook Security Servs, Inc., 123 F. 3d 438, 445-46 (1997); Stemmons v. Missouri Dept. of Corrections, 82 F.3d 817, 819 (8th Cir. 1996); Mungin v. Kattin Muchin & Zarvis, 116 F.3d 1549, 1556 (D. C. Cir. 1997).

**INSTRUCTION NO. 7**

**GENDER DISCRIMINATION**

Now I will instruct you on the law of sexual harassment.  The plaintiff relies on a theory of sexual harassment called "hostile work environment" harassment.  In order to establish her hostile work environment claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment <u>and</u> create an abusive working environment.  Conduct is not severe or pervasive under the law if it is isolated or sporadic.  Plaintiff must establish, by a preponderance of the evidence, that the conduct at issue was repetitious and continuous.  In other words, the plaintiff must provide more than a few isolated incidents of sexual harassment.  Casual comments, or accidental or sporadic conversation are insufficient.  If you find that the incidents at issue were merely isolated incidents or occasional episodes, then the plaintiff has not established her claim and you must find for the defendants.[4]

---

[4] <u>Distasio v. Perkin Elmer Corp.</u>, 157 F.3d 55 (2d Cir. 1998); <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17 (1993);  <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 64-65 (1986); <u>Carrero v. New York City Housing Authority</u>, 890 F.2d 569 (2d Cir. 1989); <u>Cosgrove v. Sears, Roebuck & Co.</u>, 9 F.3d 1033 (2d Cir. 1993).

## HARASSMENT BASED ON SEX

To prevail on a hostile work environment claim, the plaintiff must also prove by a preponderance of the evidence that any alleged harassment was because of her sex.  Evidence regarding alleged racial or ethnic harassment or discrimination is not relevant to determining whether the defendants discriminated against the plaintiff on the basis of her sex.  You must therefore ignore any evidence relating to racial or ethnic comments or jokes.  You cannot find in favor of the plaintiff unless she establishes that the defendants harassed her because of her sex.[5]

## SUBJECTIVE AND OBJECTIVE COMPONENTS

The plaintiff must also show that she both (1) subjectively, and (2) reasonably, or objectively, perceived her work environment to be hostile or abusive.  In other words, it is necessary, but not sufficient for you to find that a reasonable person would perceive the work environment to be hostile.  You must also find that the plaintiff herself subjectively perceived her work environment to be hostile or abusive.

The burden of establishing an objectively hostile or abusive work environment is substantial.  You must consider the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Rather, you must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

---

[5] Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 63-69 (1986); Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1060 (5th Cir. 1998); Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 358 (5th Cir. 1995); Rauh v. Coyne, 744 F. Supp. 1181, 1183 (D.D.C. 1990).

Furthermore, to prevail on her sexual harassment claim, the plaintiff must establish that the conduct she complains of was unwelcome. The law permits you to look to the following factors when making a determination of whether the plaintiff felt that the conduct at issue was unwelcome:

1.    Whether the plaintiff by her own conduct indicated that the alleged sexual conduct was unwelcome;

2.    Whether the plaintiff substantially contributed to the alleged hostile environment by her own conduct; and

3.    Whether the plaintiff at some point made known to her co-workers that the conduct would be considered offensive and unwelcome from that point forward.

Here, the plaintiff's own conduct at the Whiting Forensic Division of Connecticut Valley Hospital towards her co-workers may be relevant to your determination of whether she felt that the conduct at issue was unwelcome. You may find for the defendant if you determine that the plaintiff's own conduct encouraged, provoked, or welcomes the conduct she now complains of.

Even if the plaintiff establishes all of the elements that I just described to you, she cannot prevail on her sexual harassment claim unless she can show that the Department of Mental Health & Addiction Services provided no reasonable avenue for complaint, or that the Department of Mental Health & Addiction Services knew or should have known of the harassment but unreasonably failed to stop it. Therefore, if you find that the defendant provided a reasonable avenue for complaint, but that it did not know or have reason to know of the alleged harassment, then you must find for the defendants.[6]

---

[6] Distasio v. Perkin Elmer Corp., 157 F.3d 55 (2d Cir. 1998); Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64-65 (1986); Carrero v. New York City Housing

## INSTRUCTION NO. 8

**Remedies under Title VII - General**

If you find in favor of the plaintiff on any of her claims under Title VII, then you must

consider the issue of damages.  I will now instruct you on the laws that govern your

determination of damages.  Bear in mind the fact that I am instructing you on the elements of

damages does not mean that I have any opinion on whether or not the defendants should be held

liable.  I am instructing you on damages only so that you will have guidance should you decide

that the plaintiff is entitled to recovery.[7]

Compensatory Damages Under Title VII

If you find that the plaintiff has proven her claims of retaliation or sexual harassment,

then you must decide what type of damages, if any, the plaintiff should receive, and how large a

payment, if any, she deserves.   The fact that I am instructing you concerning damages does not

mean that I have any opinion as to whether the defendant should, in fact, be held liable or

whether the plaintiff has suffered any actual harm.  You must enter separate amounts for each

type of damages, if any, on the verdict forms and must not include the same items in more than

one category.

---

Authority, 890 F.2d 569 (2d Cir. 1989); Cosgrove v. Sears, Roebuck & Co, 9 F.3d 1033 (2d Cir. 1993); Torres v. Pisano, 116 F.3d 625, 631 (2d Cir. 1997), cert. denied, ____ U.S. ____, 118 S.Ct. 563 (1997); Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir. 1986); Baskerville v. Culligan Int'l Co., 50 F.3d 428 (7th Cir. 1995);Reed v. Shepard, 939 F.2d 484, 491-92 97th Cir. 1991); Weinsheimer v. Rockwell International Corp., 754 F. Supp. 1559, 1564 (M.D. Fla.), aff'd, 949 F.2d 1162 (1990); Perkins v. General Motors Corp., 709 F. Supp. 1487 (W.D. Mo. 1989).

[7]/Authority:  Adapted from 4 L. Sand, *et al*., Modern Federal Jury Instructions, Instruction 77-1 (September 1997).

COMPENSATORY DAMAGES

 In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering.  In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm?  The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm.  Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages

 If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm.  It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff.  There is no fixed formula for you to apply.  However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence.  While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

PUNITIVE DAMAGES

No amount of any compensatory damage award you make can be intended to punish the defendant.   Federal law does not allow you to award punitive damages against the government or a government agency.  Therefore, you may not award damages intended to punish the defendant.

NOMINAL DAMAGES

If you find in favor of the plaintiff on either of her claims, but also find that the plaintiff's damages have no monetary value, then you may return a verdict for the plaintiff in the nominal amount of one ($1.00) dollar.

DOUBLE RECOVERY

If you find for the plaintiff on either of her claims, you may only award damages once. Under no circumstances may you award duplicate damages. Essentially, the plaintiff may only recover once for the actual damages you find she sustained, if any.

## INSTRUCTION NO. 9

**Mitigation**

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant Department of Mental Health and Addiction Services is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort.  If the plaintiff unreasonably failed to

take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had he taken advantage of the opportunity.

Bear in mind that the question of whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
      Joseph A. Jordano
      Assistant Attorney General
      Federal Bar # ct21487
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0121
      Tel:  (860) 808-5340
      Fax: (860) 808-5385
      E-mail: Joseph.Jordano@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Proposed Jury Instructions was mailed

this 16th day of May, 2006, U.S. Mail, first class postage prepaid, to:

Michelle Holmes, Esq.
67 Holmes Avenue
Waterbury, CT  06702


_____
Joseph A. Jordano
Assistant Attorney General