UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRETA FAIRBROTHER, : | CIVIL NO. 3:01CV0162 (PCD) |
| : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT : | |
| DEPARTMENT OF MENTAL HEALTH : | |
| AND ADDICTION SERVICES : | May 30, 2006 |

## DEFENDANT DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES MOTION IN LIMINE

The defendant, the Department of Mental Health and Addiction Services (DMHAS), through counsel, hereby submits the following motion in limine regarding the upcoming trial scheduled for jury selection on June 1, 2006.  At this time, the defendant anticipates two issues requiring this Court's attention: (1) prohibiting the plaintiff from offering any new allegations or facts that were not raised before the CHRO, were not pled, and were not part of discovery; (2) whether defendants witness, Allen Davis, is unavailable because he will be out of state at the time of the trial.

*The defendant asks that this issues raised in this motion be heard by the Court on June 1, 2006, after jury selection has been completed.*

1

**I.   THE PLAINTIFF SHOULD BE BARRED FROM RAISING NEW CLAIMS OR OFFERING EVIDENCE THAT WAS NOT PLED IN HER COMPLAINT NOR DISCLOSED IN DISCOVERY.**

The defendant anticipates that the plaintiff may seek to introduce evidence of incidents that occurred beyond the scope of her pleadings and that was not disclosed in discovery. This motion is preventative in nature to avoid evidentiary objections during the trial in front of the jury. The defendant seeks to have this Court limit the plaintiff's testimony to those events that were pled and were subject to discovery.

**A.   Facts**

The plaintiff filed her first CHRO complaint on May 12, 2000, alleging in part that she was subjected to a sexually hostile work environment. She filed an amended CHRO complaint on October 10, 2000, alleging that there was pornography everywhere at Whiting. On January 30, 2001, the plaintiff filed the operative complaint in this action. Discovery was conducted regarding the allegations in the complaint focusing on the plaintiff's claim that she was subjected to a hostile work environment when she was assigned to Unit 1 at Whiting from 1997 until June 2000. There was no amended federal complaint in this action.

At the prior trial, the plaintiff attempted to introduce evidence facts that were not contained in the CHRO complaints, the federal complaint, or disclosed in discovery. For example, the plaintiff testified that men at Whiting were looking at pornography on the computer. Trans. Mar. 12, 2003 pp. 40-42. This allegation was never part of the complaints nor was it disclosed in discovery. The Court sustained the defendant's objection on this matter.

  **B. The Plaintiff Should be Barred from Introducing Evidence of Anything That Was Not Disclosed in Discovery or in the Prior Pleadings.**

  The plaintiff filed her federal complaint on January 30, 2001. At no point did she amend her pleading. The defendant conducted discovery based on the CHRO complaint and pleadings. As part of the discovery in this case, the plaintiff was deposed. During her deposition, she was specifically asked to identify the various acts comprising the sexually hostile environment. She identified the incidents she felt that were hostile in nature.

  She described the presence of pornographic magazines in several units, Units 1, 4, 5 and 6; that once someone allegedly told her she should wear a French maid outfit; some male staff would talk about having sex with their wives and sometimes call her a bitch or a whore. To following question she stated yes: "Other than that, have we talked about all the incidents that form the basis of a sexually hostile work environment*?"  Except for claiming that there was pornography in the building, she did not disclose any incidents that occurred after she left Unit 1.*

  The defendant has no notice of any additional allegations or facts not disclosed in discovery. Accordingly, the defendant has not had the opportunity to investigate or conduct discovery on any additional incidents that may have occurred after the plaintiff left Unit 1 at Whiting. Should the plaintiff attempt to introduce new allegations, as she attempted to do at the first trial, or if she were to introduce claims stemming from alleged incidents after the filing of the federal complaint, the defendant would be seriously prejudiced because it would have had no opportunity to prepare to meet the testimony. See F.R.E. 403. Further, any testimony about what happened after she filed her federal complaint is not relevant because it does not tend to make

any of the facts concerning the alleged harassment in 2000 more or less probable.  See F.R.E. 401.

The plaintiff has not moved to amend the pleadings in this case to add additional allegations.  Rule 15 (d) of the Federal Rules of Civil Procedure states, in relevant part, "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  The plaintiff has not made a motion under Rule 15 and, therefore she should be limited to the events that were pled and subject to discovery.

The plaintiff testimony should be limited to events that she disclosed in discovery and in her allegations and it should also be limited to events occurring before January 30, 2001.  The examples set forth above in the facts are emblematic of what the defendant seeks to prevent – new allegations that are either irrelevant because of the time difference or overly prejudicial because they have not been disclosed.  "The basic purpose of the federal rules, particularly those concerning discovery and disclosure, *is to eliminate trial by ambush*, sometimes called the sporting theory of justice."  Ginns v. Towle, 361 F.2d 798, 801 (2d Cir. 1966) (emphasis added); Point Prods. A.G. v. Sony Music Entm't, Inc., 2002 U.S. Dist. LEXIS 24450 (S.D.N.Y. Dec. 19, 2002) ("[w]ith the enactment of the Federal Rules in 1938, the policy of full disclosure became fundamental to federal litigation").  Allowing the plaintiff to testify about incidents that she did not disclose or that occurred after the filing of the complaint would turn this into a trial by ambush.  Given that the defendant's employees have denied nearly all of the plaintiff's allegations, the defendant has no way of knowing what evidence the plaintiff may attempt to introduce.

## II.   ALLEN DAVIS SHOULD BE ALLOWED TO TESTIFY

The defendant anticipates that the plaintiff will attempt to argue that the defendant should not be allowed to use Mr. Allen Davis's deposition testimony. The defendant seeks to use Mr. Davis's deposition testimony because he will be unavoidably out of state during the trial.

### A.   Facts

Mr. Davis was a nurse supervisor for the defendant at its Whiting facility, where the plaintiff alleges that the harassment took place. Davis Aff. ¶ 2.[1] He is now retired from state service. Id. During the discovery period of the first trial, Mr. Davis was deposed by counsels for the first trial because Mr. Davis was out of state. Id. at ¶ 6. From June 13, 2006 until June 20, 2006, Mr. Davis will be in Seattle, Washington, attending his son's college graduation. Id. at ¶ 4. Mr. Davis has purchased non-refundable plane tickets and Mr. Davis does not possess the power to change the dates of the graduation. Id. at ¶ 5.

At the first trial before Judge Ellen Bree Burns, Mr. Davis was unavailable and testified via deposition. At the pretrial conference for this trial, held before Judge Burns on May 23, 2006, counsel for the defendant informed the Court and counsel for the plaintiff of Mr. Davis's unavailability. Counsel for the plaintiff argued that Mr. Davis was not unavailable. Counsel for the plaintiff also argued that Mr. Witt had done a poor job in the prior trial. As the pretrial progressed, counsel for the plaintiff questioned Judge Burns' impartiality because Judge Burns asked whether the plaintiff would be calling other witnesses outside of the plaintiff and her husband. Counsel for the plaintiff also argued that Judge Burns had made serious errors in the first trial. To avoid even the appearance of impropriety and to prevent any appellate issues, Judge Burns stated that she would ask Judge Dorsey to handle this matter. She then informed all

---

[1] Mr. Davis will be submitting an affidavit. Counsel for the defendant has submitted this motion without the affidavit given the time frame. Counsel for the defendant will submit this affidavit to the Court and opposing counsel as soon as they receive it.

5

counsel that Judge Dorsey would likely not conduct this trial until the fall, and, therefore, there was no issue regarding Mr. Davis's unavailability. Judge Burns did not make a ruling on this issue.

In the interests of justice and to placate counsel for plaintiff's grave concerns about Mr. Witt's performance at the first trial, the defendant has asked Mr. Davis to submit to another deposition in this matter to preserve trial testimony. Mr. Davis has generously said that he would be free until June 12, 2006, affording the litigants great flexibility. Mr. Davis has also said that he is able and willing to testify on June 21, 2006, the day following his return flight from Seattle, Washington.

### B. Mr. Davis Is Unavailable And His Deposition Testimony Should Be Admitted.

The plaintiff will likely argue that Mr. Davis's deposition testimony is hearsay and thus inadmissible. See F.R.E. 801 & 802. There is an exception to the hearsay rule if the declarant is unavailable and the statement offered is the former testimony of the declarant. F.R.E. 804. Rule 804(a)(5) states that a declarant will be considered unavailable if the declarant is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." A witness will not be considered unavailable, however, if the proponent of the statement procured the unavailability. If the declarant is considered unavailable as a witness, then the following is excluded from the hearsay rule:

> [t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

6

F.R.E. 804 (b) (1). Whether an individual in unavailable is an evidentiary issue that is reviewed only to determine if the Court abused its broad discretion. United States v. Tropeano, 252 F.3d 653, 657 (2d Cir. 2001)

The threshold question is whether Mr. Davis is unavailable. It is undisputed that Mr. Davis will be out of the state at the time of the trial. The plaintiff may try to argue that the defendant should have subpoenaed Mr. Davis to prevent him from leaving the state. This argument ignores two crucial facts. First, Mr. Davis is no longer a state employee within the control of the defendant. Mr. Davis is a private citizen. Second, Mr. Davis is leaving the state for a once in a lifetime opportunity; he is going to see his son graduate from college. There is no other chance for him to attend this crucial family event. For the plaintiff's argument to be successful, the Court would have to find that the defendant should have subpoenaed a private citizen and forced him to miss his son's graduation from college.

This Court possesses broad discretion in this matter; to hold that Mr. Davis is unavailable is well within the Court's discretion and serves the interests of justice best. Counsel for the plaintiff complains that Mr. Witt did not do a good job at first deposition, but this argument misses the mark because there is no civil right to effective assistance of counsel. United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981); Villegas v. VNS Family Care Servs., 2000 U.S. App. LEXIS 29013, *3 (2d Cir. Nov. 9, 2000). Despite this, Mr. Davis has generously offered to go through another deposition; counsel for plaintiff, therefore, has the opportunity to depose Mr. Davis again and take a "trial" deposition asking the questions that she would have had he been available. Given Mr. Davis's willingness to be deposed again and that his testimony was via deposition at the first trial, it is in the interests of justice to find him unavailable.

If Mr. Davis is unavailable, his deposition testimony falls squarely within F.R.E. 804 (b)(1)'s exception to the hearsay rule. The hearsay is contained within a deposition, there were the same parties, and the plaintiff has the opportunity and motive to develop the testimony. If this Court were inclined to find that Mr. Witt did not have the proper opportunity or motive, this is remedied by Mr. Davis's willingness to go through a second deposition conducted by Ms. Holmes.

### C.     Mr. Davis's Deposition Testimony Is Admissible Under 807.

If this Court were inclined to find that Mr. Davis is available because he could be compelled to miss his son's graduation from college, it should find that Mr. Davis's deposition testimony is admissible under F.R.E. 807. Rule 807 provides that a statement is admissible if the court determines that: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." Requirement (A) is satisfied because Mr. Davis's testimony goes to whether the work environment was hostile and whether the plaintiff complained to anyone about the work environment. Requirement (B) is satisfied because no one else can testify as to what Mr. Davis heard or saw. Requirement (C) is satisfied because Mr. Davis is willing to be deposed again so that plaintiff's current counsel may ask any questions that she wishes and it allows Mr. Davis to attend his son's graduation.

Allowing Mr. Davis to testify by deposition furthers F.R.E. 102, which states "[t]hese rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the

8

truth may be ascertained and proceedings justly determined." Mr. Davis's testimony should be heard by the jury because it contributes to the jury's ability to ascertain the truth. It contributes to the fairness in administration of the law because Mr. Davis can still attend his son's graduation. It prevents the delay associated with rescheduling a trial with so many different witnesses; e.g., because there are so many witnesses, it is easy to imagine that at least one witness will have a conflict any rescheduled trial dates.

        D.       **This Court Should Extend The Trial To June 21, 2006, If It Will Not Admit Mr. Davis's Deposition Testimony.**

If this Court were disinclined to allow Mr. Davis to testify by deposition, it should extend the trial to allow Mr. Davis to testify in person when he returns. Counsel for the defendant has spoken with Mr. Davis and, assuming there are no surprises in his air travel, he has promised that he will be available to testify on June 21, 2006.

        E.       **Conclusion.**

The defendant has made every effort to provide the plaintiff and this Court with reasonable alternatives to solve this problem. Mr. Davis has agreed to be deposed again so that counsel for the plaintiff may depose him if the court deems that necessary. As set forth above, the defendant has demonstrated how Mr. Davis is unavailable. If, however, the Court does not believe that Mr. Davis is unavailable, the defendant is prepared to offer Mr. Davis as soon as he returns. In light of Mr. Davis and the defendant's efforts, it would be unjust to punish Mr. Davis and force him to miss his son's graduation from college.

WHEREFORE, the defendant prays that its motion in limine be granted.

                                            DEFENDANT

                                            RICHARD BLUMENTHAL
                                            ATTORNEY GENERAL

BY:                 _____
                       Joseph A. Jordano
                       Assistant Attorney General
                       Federal Bar # ct21487
                       David C. Nelson
                       Assistant Attorney General
                       Federal Bar # ct25640
                       55 Elm Street, P.O. Box 120
                       Hartford, CT 06141-0121
                       Tel: (860) 808-5340
                       Fax: (860) 808-5385
                       E-mail: Joseph.Jordano@po.state.ct.us
                                   DavidC.Nelson@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant Department of Mental Health and Addiction Services Motion in Limine was mailed this 30th day of May, 2006, U.S. Mail, first class postage prepaid, to:

Michelle N. Holmes, Esq.
Law Office of Michelle N. Holmes, LLC
67 Holmes Avenue
Waterbury, CT 06702

                                        _____
                                        Joseph A. Jordano
                                        Assistant Attorney General