UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER | : | CIVIL NO. 3:01CV0162 (CPD) |
| *Plaintiff* | | |
| | : | |
| v. | | |
| STATE OF CT, DEPT. OF MENTAL | : | |
| HEALTH AND ADDICTION SERVICES | : | JUNE 12, 2006 |
| *Defendant* | | |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

COMES NOW the defendant and objects to the plaintiff's request for leave on the eve of trial to file an Amended Complaint. For the reason set forth herein, Defendant objects to the plaintiff's last minute attempt to expand the scope of the complaint and the time period beyond what was plead back in 2001 and upon which discovery was conducted and the case has been prepared for trial. The representation by plaintiff's counsel that the amended pleading simply sets forth the basis for the one count against the defendant ignores the prejudice the defendant will suffer if required to respond to: (1) alleged wrongful acts that were never disclosed in discovery, (2) expands the time period covered by the complaint well past the original complaint up to and including " the present date," and (3) pleads entirely new aspects of the case such as a claim that the defendants failure to properly train staff causes a hostile work environment.

1

**I.     RELEVANT LAW**

In is well within the Court's discretion to deny an a request to amend on the eve of trial and when a considerable amount of time has passed since the original pleading. denied leave to amend on the eve of trial or after a considerable amount of time has passed since the original pleading. Evans v. Syracuse City School Dist., 704 F.2d 44, 47-48 (2d Cir. 1983); see also State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (allowing amendment because "[t]his is not a case where the amendment came *on the eve of trial* and would result in *new problems of proof*" (emphasis added)); Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 536 (S.D.N.Y. 1998) ("[a] court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the other party").

As the Second Circuit noted: "[a]mendments should be tendered *no later than the time of pretrial*, unless compelling reasons why this could not have been done are presented. . . . [The court] must weigh good cause shown for the delay in moving, *vis a vis* dilatoriness of counsel resulting in last minute surprise and inability of opposing counsel to meet the tendered issue." Evans, 704 F.2d at 47 (emphasis added). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Id. "Although Plaintiff need not establish the factual merits of her proposed amendment . . . she must at least show that the amendment would survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." Presser v. Key Food Stores Coop., Inc., 218 F.R.D. 53, 56 (E.D.N.Y. 2003) (citations omitted).

**II.     ARGUMENT**

This case has been pending since 2001. Plaintiff's current counsel has been involved in this case since 2004 and could have asked to amend the pleading immediately after the court granted the defendant request for a new trial. Plaintiff's counsel sat through two different pretrial conferences but chose to wait and offer her amendment just days before trial.[1]

During the pretrial conference before Judge Dorsey, he was careful to limit the case to the time period outlined in the original complaint. That complaint only references dates in 2000 and expressly states that the plaintiff received her release of jurisdiction from the CHRO on October 31, 2000 and that prior to the date the complaint requested a right to sue letter from the EEOC. (Complaint ¶ 40 Count 1).

A comparison of the original pleading and the plaintiff's proposed amendment shows that in several respects the scope of case would change if the amendment is permitted. In paragraph 3 of the proposed amended complaint, for example, the plaintiff expands the time period covered by the complaint to cover wrongful acts "to dated." (¶ 3(a)). This expands the claim initially limited to 1999-2000 now to 2006. Plaintiff's claim about pornographic material in the work area would be expanded will beyond her CHRO complaint of October 10, 2000 to include alleged instances up to September 2002.(¶ 3((b)).

In addition to the time period, plaintiff now seeks to add types of conduct that were never plead or disclosed in discovery such as employee viewing pornography on the internet. (¶ 3(c)). Not only has the defendant been given no specifics about this

---

[1] The request to file an amended pleading is dated June 7, 2006, and was received by counsel for the defendants on June 9, 2006.

3

allegation, but the plaintiff did not disclose these acts when specifically asked in her deposition to describe the conduct that created a sexually hostile work environment. Accordingly, the defendant could not conduct discovery or investigate this allegation.

Plaintiff's amended pleading includes several acts of alleged retaliation that have no relation to a sexually hostile work environment. For instance, in paragraphs 12 and 14, the plaintiff avers that after she allegedly complained about discrimination, she was transferred from the unit consistent with the desire of her former supervisor who did not like the plaintiff. Despite the court admonishment to counsel at the informal pretrial conference that retaliation is not part of this case, the plaintiff's transfer off the unit is not material to this sexually hostile work environment.

Lastly, in paragraphs 15, 17, & 19 of the proposed amendment, the plaintiff expands the basis of the sexually hostile environment to include the defendant's alleged failure to properly post a sexual harassment policy, refusal to take remedial action and the failure to properly train staff. These allegations sound in negligence, which is not material to intentional discrimination and therefore not the proper subject of amendment, see Presser, 218 F.R.D. at 56. Further, if such allegations are material to this claim, then the defendants are entitled to conduct discovery about these allegations, including deposing the plaintiff.

Most troubling about the plaintiff's amended claim is that it provides new general allegations to which the defendant has not had to opportunity to investigate specific fact to which the plaintiff might testify. The amended complaint fraught with potential factual surprises at trial and its general nature prompts numerous questions such as: What specific defect in staff training created a hostile environment? Which staff member

4

viewed pornography on the internet and when? What additional materials has the plaintiff collected from staff bulletin boards during the past 3 years? Where has she allegedly seen pornographic materials that she did not disclose in discovery? All of these questions would require additional discovery, investigation, and witnesses. Any amendment would require, at minimum, an amendment to the defendant's pretrial pleadings.

This is the prototypical case to deny the plaintiff's amendment. The amendments raise new issues of fact and proof; require additional discovery; and were proffered on the eve of trial. The plaintiff's request for leave to amend does not contain a reason why she delayed in offering these amendments until now; e.g., the plaintiff was aware of the facts necessary to make a claim that the staff was improperly trained regarding sexual harassment, but fails to explain why she did not raise it earlier. The plaintiff has failed to meet her burden of showing good cause, Evans, 704 F.2d at 47. There are no "compelling reasons" for the plaintiff's delay. Id. The plaintiff's request to amend should be denied.

                DEFENDANT

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY:_____
        Joseph A. Jordano (ct21487)
        Assistant Attorney General
        David C. Nelson (ct25640)
        Assistant Attorney General
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0121
        Tel: (860) 808-5340
        Fax: (860) 808-5385
        E-mail:
        Joseph.Jordano@po.state.ct.us
        DavidC.Nelson@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid and by facsimile this 12th day of June, 2006, to:

Michelle Holmes, Esq.
67 Holmes Avenue
Waterbury, CT 06702
Fax No. (203) 596 1093

                _____
                David C. Nelson
                Assistant Attorney General