UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER, | : | CIVIL NO. 3:01CV0162 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES | : | June 12, 2006 |

## DEFENDANT DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES SECOND MOTION IN LIMINE

The defendant, the Department of Mental Health and Addiction Services (DMHAS), through counsel, hereby submits the following motion in limine regarding the upcoming trial scheduled for June 14, 2005. The defendant moves this Court to exclude any evidence of relating to the plaintiff's claim of retaliation as that claim is no longer part of this case. The defendant also moves to exclude any evidence of pornography that predates the plaintiff's employment.

**I.    THE PLAINTIFF SHOULD BE BARRED FROM INTRODUCING EVIDENCE THAT GOES TO THE PLAINTIFF'S FORMER CLAIM OF RETALIATION**

The plaintiff's retaliation claim is no longer part of this case.  Fairbrother v. Morrison, 412 F.3d 39, 57 (2d Cir. 2005).  As the Court indicated at the pretrial conference held on June 1, 2006, evidence such as the discipline the plaintiff received for the Ian Walker incident is not relevant to the hostile work environment claim.  To make a claim for a sexually hostile work environment, the plaintiff must show that:

> the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. . . .  The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered. . . .  Proving such a claim involves showing both objective and subjective elements: the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive.

Fairbrother, 412 F.3d at 48 (citations omitted; internal quotation marks omitted).  Although it is impossible to predict with certainty what the plaintiff may offer, the defendant anticipates that the plaintiff may attempt to introduce evidence of:  the discipline the plaintiff received for the Ian Walker incident; the alleged conspiracy against the plaintiff; whether the plaintiff agreed with the discipline imposed after the Ian Walker incident; the subsequent evaluations received by the plaintiff; and/or the defendant's handling of the plaintiff's workers' compensation claim.  The above incidents are not relevant to whether the plaintiff subjectively perceived the work environment as hostile or whether the work environment was objectively hostile.

**II.    THE PLAINTIFF SHOULD BARRED FROM INTRODUCING ANY EVIDENCE OF PORNOGRAPHY THAT PREDATES THE PLAINTIFF'S EMPLOYMENT**

The defendant anticipates that the plaintiff may attempt to introduce evidence that prior to 1986, Whiting did not have a policy regarding its staff and pornography.  As a result of the lack of a policy prohibiting it, the staff had pornography in the non-patient areas.  In 1986,

management prohibited any staff pornography. The plaintiff did not begin to work at Whiting until March, 1996, ten years after the policy against staff pornography was put in place. Whether staff pornography existed ten years prior to the plaintiff's employment at Whiting does not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." See F.R.E. 401. Because it is not relevant, it is not admissible. F.R.E. 402. In addition to the lack of relevance, any testimony on this subject is inadmissible because it will mislead the jury and confuse the issues, i.e., whether there was pornography ten years prior to the plaintiff's employment can not be the basis for recovery, so any evidence regarding this would tend to muddy the issues.

                    DEFENDANT

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY: _____
                    Joseph A. Jordano (ct21487)
                    Assistant Attorney General
                    David C. Nelson (ct25640)
                    Assistant Attorney General
                    55 Elm Street, P.O. Box 120
                    Hartford, CT  06141-0121
                    Tel:  (860) 808-5340
                    Fax: (860) 808-5385
                    E-mail: Joseph.Jordano@po.state.ct.us
                    DavidC.Nelson@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid this 12th

day of June, 2006, to:

Michelle Holmes, Esq.
67 Holmes Avenue
Waterbury, CT  06702

                    _____
                    David C. Nelson
                    Assistant Attorney General