UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRETA FAIRBROTHER<br>Plaintiff | CIVIL NO. 3:01CV0162(PCD) |
| vs. | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF MENTAL HEALTH<br>AND ADDICTION SERVICES<br>Defendant | JUNE 12, 2006 |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant objects to the entirety of plaintiff's amended complaint on the ground that it contains allegations that were not disclosed during discovery, expands the time period covered by the complaint, and pleads "new entirely aspects of the case". As set forth below, plaintiff's request for leave must be granted because it conforms to the evidence submitted during the course of litigation, relates back to the original claim for sexual harassment/hostile work environment, and merely clarifies the allegations that were set forth in the original complaint.

The plaintiff's complaint and amended complaint indicate that offensive and stereotypical jokes regarding women and distasteful subjects can be found hanging in the staff area from the period of 1999 on going to date. During plaintiff's deposition and at trial she told defense counsel that these materials still existed on the units. In addition, each document plaintiff intends to offer at trial was provided to defense counsel prior to the start of the first trial. There are no new documents, and plaintiff identified each and every exhibit she intends to offer, more than a month ago.

In addition, prior to the filing of the initial complaint, plaintiff witnessed employees accessing pornography on the internet. Defendant was made aware of this fact at the first trial. Plaintiff simply forgot to mention it during her deposition. This does not prohibit her from raising such an incident at the time of trial, and defendant can cross examine her on that point. Defendant also could have taken another deposition.

Plaintiff has not offered any acts of retaliation, nor is making that claim. Plaintiff carries the burden of proof on her claims and she must also respond to affirmative defenses that apparently will be pursued in a more meaningful fashion than at the first trial. Plaintiff is entitled to respond to those defenses. The complaint merely clarifies for the Court and defendant her legal burden and the evidence taken from the course of litigation that she intends to introduce to support that burden.

To establish liability on the part of the employer for co-worker harassment, plaintiff must show that the employer "failed to provide a reasonable avenue for complaint or … knew or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." Howley vs. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000)(quotations omitted). With respect to supervisor harassment, defendant will undoubtedly argue that it took reasonable care to prevent the harassment and that plaintiff failed to take advantage of corrective opportunities. Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

Interestingly, defendant intends to offer policies and procedures regarding the filing of workplace complaints, sexual harassment, and the allegedly proper procedure to file a complaint in order to demonstrate that defendant did not know of hostile work environment, took great strides to keep the workplace free from hostility, and that

plaintiff never complained because she did not follow the alleged protocol. However, defendant then objects to testimony that the sexual harassment policy was never posted, that there was little to no training on sexual harassment, and that plaintiff was ignored and then transferred rather than dealing with her complaints. Defendant cannot have its cake and eat it too. All of this information was known to defendant throughout this litigation by way of taking depositions and statements. To deny plaintiff the opportunity to respond against defendant's arguments would be highly prejudicial and deny her the ability to properly present her case.

The plaintiff's amended complaint alleges nothing new and certainly nothing that defendant is unaware of. The amendment tracks the litigation in this case and conforms to the ruling of the 2d Circuit. For all the foregoing reasons, plaintiff respectfully requests that her request for leave to file an amended complaint be granted.

PLAINTIFF, GRETA FAIRBROTHER

BY _____
Michelle N. Holmes
Federal Bar Number: ct20014
Law Office of Michelle N. Holmes
67 Holmes Avenue
Waterbury, CT 06702
(203) 596-1091
(203) 596-1093 facsimile
mholmes@mholmeslaw.com

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via facsimile this 12th day of June, 2006, to the following counsel of record:

Joseph Jordano
Assistant Attorney General
55 Elm Street
PO Box 120
Hartford, CT 06141-0120

Michelle Holmes