UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Greta FAIRBROTHER,<br>      Plaintiff, | :<br>:<br>: |
| -vs- | :   Civ. No. 3:01cv162 (PCD) |
| | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF MENTAL HEALTH<br>AND ADDICTION SERVICES,<br>      Defendant. | :<br>:<br>:<br>: |

**RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff moves [Doc. No. 109] for leave to amend the complaint. This action was commenced by a complaint dated January 30, 2001. It has been tried and is now pending trial on the only surviving claim, after a ruling by the Court of Appeals, Fairbrother v. Morrison, 412 F.3d 39 (2d Cir. 2005), that Plaintiff was subjected to a sexually hostile work environment. Also pending trial is the question of damages based on the hostile work environment claim as there is no assertion that the damages previously awarded ($20,000) should be solely allocated to the work environment claim.

The pending motion was filed on June 9, 2006, five days before commencement of the presentation of evidence, a jury having been selected on June 1, 2006. Plaintiff contends that her amendment of the complaint is necessary due to changes in the claims and parties and suggests that she merely asserts one claim of a sexually related hostile work environment. Defendant has objected based on the expansion of the complaint to invoke conduct occurring after the original complaint which was based on conduct that occurred prior to the date of the original complaint, January 30, 2001. It is suggested that the conduct which would thus be invoked was not disclosed in the discovery provided prior to the first trial, would extend to the present date, and

would inject a new claim of failure to train personnel. The objection is well founded as Defendant has had no opportunity to obtain information related to the expanded claims by reason of their assertion on the eve of trial and when it is impossible to conduct such discovery. The recitation of plaintiff's claim in the Joint Trial Memorandum, dated May 16, 2006 [Doc. No. 98], gives no indication of an attempt to expend her claims. Plaintiff provides no justification for the eve of trial request to do so, notwithstanding the fact that this case has been pending for five (5) years and four months. Defendant will be vulnerable to prejudice in having to cope with evidence which it has had no opportunity to explore and prepare to defend against. Plaintiff's replacement counsel has been involved for nearly two years and a new trial has been known to be forthcoming for a year, after the Court of Appeals decision (June 14, 2005) and for eight (8) months since Judge Burns' grant of a new trial.

Plaintiff has shown no valid reason for the amendment nor good cause for why it is offered at this time. See Evans v. Syracuse City School Dist., 704 F.2d 44 (2d Cir. 1983); Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 536 (S.D.N.Y. 1998). Accordingly, the Motion for Leave to Amend is **denied**.

Further, Defendant's Motion in Limine dated June 12, 2006 [Doc. No. 111] will be granted absent a showing by Plaintiff of any justification for the admissibility of such evidence.

SO ORDERED.

Dated at New Haven, Connecticut this __13th__ day of June, 2006.

/s/
Peter C. Dorsey
United States District Judge