UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRETA FAIRBROTHER : | CIVIL NO. 3:01CV0162(PCD) |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| STATE OF CONNECTICUT : | |
| DEPARTMENT OF MENTAL HEALTH : | |
| AND ADDICTION SERVICES : | |
| Defendant : | JUNE 13, 2006 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION IN LIMINE

Defendant intends to offer evidence that plaintiff allegedly "grabbed the crotch" of Ian Walker, a male forensic treatment specialist, for the limited purpose of showing that plaintiff did not find the workplace "subjectively" hostile. Plaintiff denies she physically grabbed Walker's crotch and that she merely gestured toward him in a joking manner during the time period that she herself was the subject of many offensive jokes, harassment, ridicule and hostility.

If defendant offers testimony from Ian Walker or any other witness that plaintiff actually grabbed his crotch, plaintiff intends to offer a document and corresponding testimony from Allen Davis, the RN Supervisor, that contemporaneously with the incident she was counseled for "making a physical gesture toward another (male) staff member. The gesture could have been construed as an assault, an indecent gesture or as sexual harassment." See Counseling attached hereto. During his recent deposition, Mr. Davis acknowledged that his description indicates nothing about grabbing Walker's crotch and that his description of the incident was "concise".

Plaintiff is not offering this testimony as evidence of retaliation. Rather, should the defendant offer testimony that there was a physical touching of Ian Walker, plaintiff is entitled to offer evidence that contradicts and/or impeaches the other witnesses credibility on this issue. F.R.E. 607, 613. Moreover, Ian Walker himself never filed a report on the date of the incident indicating that plaintiff physically touched him. If defendant stipulates that plaintiff made a "gesture towards another (male) staff member", then plaintiff will not have any reason to impeach his witnesses.

With respect to the Whiting policy regarding staff and pornography, plaintiff intends to offer the recent deposition testimony of Allen Davis that pornography at Whiting was pervasive. Plaintiff began working for the State of Connecticut, Department of Mental Retardation in 1983. She moved to the Department of Mental Health, the defendant herein, in approximately 1985 or 1986. Evidence that defendant, even at one time, allowed its employees to actually possess and read pornography in the workplace, is probative of defendant's reasonable knowledge that plaintiff's complaints regarding pornography were credible, plaintiff's subjective belief that her work environment was hostile, that employees had a history and past practice of keeping pornography in the workplace, and that defendant did not ever put in place adequate measures to remedy plaintiff's alleged hostile work environment.

Certainly, defendants are entitled to establish with Mr. Davis when, in that witnesses opinion, the pervasive pornography ended and what measures defendant implemented to stop pornography. However, plaintiff's testimony is that it did not end and defendant did nothing to stop possession of pornography in the workplace. This evidence/testimony is information for which the jury must be allowed to listen to and

make a decision regarding credibility. To preclude plaintiff from offering such relevant testimony of her hostile work environment claim would be highly prejudicial and substantially constrict her ability to present her case.

For all the foregoing reasons, plaintiff respectfully requests that defendant's second motion in limine be denied.

                          PLAINTIFF, GRETA FAIRBROTHER

BY _____
     Michelle Holmes
     Federal Bar No.: ct20014
     Law Office of Michelle N. Holmes
     67 Holmes Avenue
     Waterbury, CT 06702
     203-596-1091
     203-586-1093(fax)
     mholmes@mholmeslaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand-delivered this 14th day of June, 2006, to the following counsel of record:

Joseph Jordano
Assistant Attorney General
55 Elm Street
PO Box 120
Hartford, CT 06141-0120

_____
Michelle Holmes


PLAINTIFF'S EXHIBIT

DEPARTMENT OF MENTAL HEALTH

CVH-Whiting Forensic Div. (Facility)   NURSING (Department)   2-14-00 (Date)

IMMEDIATE SUPERVISOR'S RECORD OF FORMAL ORAL COUNSELING
(not to be given to employee)

EMPLOYEE: GRETA FAIRBROTHER        TITLE: FTS
DEPARTMENT: NURSING WVI            TIME: 9:00 PM

1) Describe concisely the reasons(s) for this counseling, i.e. circumstances, or deficiencies involved:

On 2/13/00, you were involved in a conversation in the staff room on WVI. During the conversation you made a physical gesture toward another (male) staff member. The gesture could have been construed as an assault, an indecent gesture or as sexual harassment.

2) What was the employee's response concerning the circumstances or deficiencies stated:

Employee seemed to understand gravity and error of behavior - assured that no recurrence would happen. Apologized.

3) What improvements and expectations have you outlined for the employee?

I expect that absolutely no episodes of such innappropriate behavior and poor judgement will occur again.

4) Ultimate consequences (to be discussed with employee):

If another incident such as this occurs, you may be subject to arrest and/or disciplinary action which could include dismissal.

An initial oral counseling will not, in and of itself, have an effect on a subsequent Service Rating Report. If improvement and/or corrections are not evident, a written warning may be indicated.

SUPERVISOR: Allen J Davis        TITLE: RNS
DATE: 2

I HAVE READ THE ABOVE & I do/do not wish TO RESPOND IN WRITING

EVH 10