UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER | : | CIV. NO. 3:01CV0162(PCD) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES | : | July 28, 2006 |
| *Defendant*. | | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO BILL OF COSTS

COMES NOW the defendant and replies to plaintiff's opposition to defendant's motion of costs dated July 27, 2006 (Doc. # 130). The defendant addresses each paragraph of the plaintiff's opposition as follows:

1.  The defendant concedes plaintiff is not required to pay for the expedited four pages for the Greta Fairbrother deposition of $21.20. However, defendant does not concede that it is not entitled to the AG appearance fee or copying charge as noted on the invoice. Local Rule 54(c)(2)(ii) in pertinent part states, "Appearance fees of the court reporter and the notary or **other official** presiding at the deposition are taxable as costs…" (Emphasis added). Rule 54(c)(3)(i) states in pertinent part, "Costs for exemplifications or copies of papers are taxable only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case. Costs for one copy of documents admitted into evidence in lieu of the originals shall be permitted as costs…"

The department to which the undersigned is assigned has historically filed for appearance fees and historically been granted the fee by the Court. This is the first known opposition to said fee. As noted in the original motion, charges for shipping and handling have been omitted. There is nothing in the rules against recouping for copying fees so, again, plaintiff's opposition is

meritless. Wherefore, the defendant reduces its request for the Fairbrother deposition to $697.48.

2.The defendant stands by its original submission regarding the deposition of Allen Davis in that it leaves the amount to the discretion of the Court. Mr. Davis was not available for the first trial and, in order to have the deposition ready for trial, the defendant was forced to incur the additional cost to expedite the deposition transcript. The defendant's request for the fee charged by the court reporter service for the AG fee is addressed in paragraph 1 above. Plaintiff's counsel misrepresents when she states that .. "a witness [defendant] had intended to call made a last minute decision not to appear." Plaintiff's counsel at the first trial, Otto Witt, was aware of the unavailability of the witness and did not object to the video deposition of Mr. Davis taken for use at trial.

3.It is not for plaintiff counsel to decide on how the defendant prepared its defense. The undersigned determined that it would be in the defendants' best interest to videotape the depositions of both Allen Davis and Tammy Brown, who were each unavailable for the trial, and present them to the Court. The videotapes were presented at the first trial. It was defendant's determination that it would be better not to not use them at the second trial.

There is nothing in the local rules against recouping the costs for videotaping depositions. Plaintiff's argument that the videotapes were not used at the most recent trial is unavailing. As prevailing party, the defendant pursuant to Fed. R. Civ. P. 54 and Local Rule 54 has the right to recoup its costs for the **entire duration** of the proceeding, not an isolated segment.

4.The defendant stands by its submission for the service of subpoenas upon witnesses for the first trial. As noted in footnotes 4 and 5 of the Bill of Costs (Doc. # 129), four of the seven witnesses subpoenas by Marshal Woods in the first invoice testified and four of the seven witnesses subpoenas by Marshal Woods noted in the second invoice testified. The submission was adjusted accordingly as stated in the Bill of Costs and the defendant stands by its request of $251.20 as submitted.

5.      Plaintiff's objection to the cost requested for the deposition of Tammy Brown is disingenuous. The defendant took into account the $3.75 maximum pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures" in its submission of the request for $491.25. The defendant NEVER requested the $30 fee for a multipaged condensed fee as inferred by plaintiff's counsel. The $491.25 requested for the deposition of Tammy Brown should be granted in its entirety.

6.      The statutory authority for recovery of deposition costs is found in 28 U.S.C. § 1920(2) which provides: "A judge or clerk of any court of the United States may tax as costs the following: …(2) Fees of the court reporter for all or any part of the stenographic transcript <u>necessarily obtained for use in the case</u>…." (Emphasis added.) Local Rule 54(c)(ii) more specifically states in pertinent part: "The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, <u>or if they are necessarily obtained for the preparation of the case</u> and not for the convenience of counsel." (Emphasis added.).

The depositions were necessarily obtained in the preparation of the case and certainly not for the convenience of defendants' counsel. See <u>Curacao Trading Co. v. Federal Ins</u>. Co., 137 F.2d 911, 914 (2d Cir. 1943) ("the order retaxing the costs to the plaintiff on a deposition which was not used was not erroneous.) citing Federal Deposit Ins. Corp. v. Fruit Growers Service, 2 F.R.D. 131, 132-133, 1941 U.S. Dist. LEXIS 2118 (E.D. Wash. 1941). Therefore, the cost for the deposition of Mr. Albrecht should be allowed in its entirety.

7.      The defendant respectfully refers the Court to paragraph 6 for its response regarding the cost for the deposition of David Phelps. Mr. Phelps was identified by the plaintiff

3

as her strongest supporter and therefore the defendant had every right to take his deposition. It, certainly, was not taken for the convenience of counsel.

8.      Defendant is mystified by plaintiff's assertion that defendant did not provide any bills to support the claim. Attached to defendant's bill of costs (Doc. # 129) were copies of the witness checks for witnesses James Young, Carol Burgess, Ronald Jursch, Chris Colavito, William Boisvert, Ian Walker, Pamela Morrison-Wolf, Jenna Drysdale Giglio, Jacques Ouimette, Allen Aubin and Steven Caron, all whom testified at the trial held June 14-19, 2006. Plaintiff's claim that the fees is "excessive" is equally unavailing. The witness checks were in the statutory amount of $40 plus roundtrip mileage[1] for each individual. The defendant had no control where the individuals reside.

WHEREFORE, the defendant concedes the $21.20 concerning the Fairbrother deposition, leaves the amount to be awarded regarding the Davis deposition to the discretion of the Court and respectfully requests that it be awarded the amount of $4,844.81.

---

[1] The current mileage rate is .445 cents per mile.

        DEFENDANT
STATE OF CONNECTICUT,
DEPARTMENT OF MENTAL
HEALTH AND ADDICTION
SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us
Federal Bar # ct21487

## CERTIFICATION

I hereby certify that a copy of the foregoing **Reply to Plaintiff's Opposition to Defendant's Bill of Costs** was mailed, U.S. mail first class postage prepaid, this 28th day of July, 2006 to all counsel of record.

    Michelle Holmes, Esq.
    67 Holmes Avenue
    Waterbury, CT 06702
    Tel.: (203) 596-1091
    Fax: (203) 596-1093

_____
Joseph A. Jordano
Assistant Attorney General