UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GRETA FAIRBROTHER, | : | |
|     Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:01cv162 (PCD) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF MENTAL HEALTH | : | |
| AND ADDICTION SERVICES, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S BILL OF COSTS**

Judgment entered for Defendant on June 19, 2006, following a second jury trial. Defendant filed a Bill of Costs on July 26, 2006, and Plaintiff filed an Objection thereto on July 27, 2006. On July 31, 2006, Plaintiff filed a Reply. For the reasons that follow, Defendant's Bill of Costs is **granted in part** and **denied in part**.

    A.    **Court Reporter Fees for Deposition Transcripts**

Pursuant to Local Rule 56(c)(2)(ii), the cost of an original or one copy of deposition transcripts, to be taxed at the prevailing page rate pursuant to Local Rule 80, are recoverable as costs if they are used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation fo the case and not for the convenience of counsel. D. Conn. Loc. Civ. R. 56(c)(2)(ii). Maximum transcript rates for an original and one copy are $4.13 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs. See Wahl v Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7th Cir. 1975).

Plaintiff's contention that costs for the depositions of Eddie Albrecht and David Phelps

should be disallowed is without merit. The fact that Mr. Albrecht and Mr. Phelps did not testify at trial is not controlling. It was reasonable for the Defendant to have deposed these witnesses in preparation for trial, even if their testimony was ultimately not used. These depositions were "necessarily obtained for the preparation of the case and not for the convenience of counsel" and therefore are taxable as costs. Defendant's claim of $134.40 in court reporter fees for the deposition of Mr. Albrecht is allowed. Defendant's claim of $386.40 in court reporter fees for the depositions of Mr. Phelps and Jo-Anne Libera is also allowed.

Defendant submitted a claim for the court reporter fees for the deposition of Allen Davis in the amount of $205.00 and for the court reporter fees for the deposition of Tammy Brown in the amount of $491.25, both of which are allowed.

Defendant submitted a claim for the court reporter's fees for the deposition of Plaintiff Greta Fairbrother in the amount of $718.68. This claim is reduced to $688.80, disallowing the exhibit copying fees and the charges for expedited service at Defendant's request.

Defendant submitted a claim for the court reporter's fees for the deposition of Pamela Morrison-Wolf in the amount of $184.50. This claim is reduced to $170.00, disallowing the fees for exhibit pages.

Defendant submitted a claim for the court reporter's fees for the deposition of Allen Davis in the amount of $450.00. This claim is reduced to $281.50.

The total for court reporter's fees for depositions transcripts allowed is $2357.35.

B.    **Fees Paid for the Videotaping of Depositions**

Nothing in the local rules prohibits recouping the costs for videotaping depositions. Pursuant to Fed. R. Civ. P. 56 and D. Conn. Local Rule 54, the prevailing party has the right to

recoup its costs for the entire duration of the proceeding. In this case, Defendant determined that it would be in its best interest to videotape the depositions of Allen Davis and Tammy Brown, who were unavailable for trial, to present them to the Court. The tapes were presented at the first trial, and Defendant decided against using them in the second trial. Defendant submitted a claim for $475.00 for the videotaping of Allen Davis's deposition and $400.00 for the videotaping of Tammy Brown's deposition, both of which are allowed.

### C.    Fees Paid to Defendant's Witnesses

Defendant's witness fees are taxable costs. Defendant submitted a claim for witness fees in the amount of $806.68 for James Young, Carol Burgess, Ronald Jursch, Chris Colavito, William Boisvert, Ian Walker, Pamela Morrison-Wolf, Jenna Drysdale Giglio, Jacques Ouimette, Allen Aubin, and Steven Caron for attendance at trial in June, 2006. Because Defendant did not submit supporting documentation for its witnesses' mileage, the amount allowed will be reduced to $440.00.

### D.    Fees of State Marshals for Service of Subpoenas

Defendant submitted a claim for the State Marshals' fees for service of subpoenas in the amounts of $125.60, $125.60, $31.40, $127.20, $168.50, and $35.80, for a total of $614.10, which is allowed.

**E.     Summary**

For the foregoing reasons, Defendant's bill of costs is allowed as follows:

| | |
|---|---|
| Court Reporter Fees for Deposition Transcripts: | $2,357.35 |
| Fees for Videotaping Depositions: | 875.00 |
| Witness Fees for Defendant's Witnesses: | 440.00 |
| Fees of State Marshals for Service of Subpoenas: | 614.10 |
| Total Fees: | $4,286.45 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 20th day of December, 2006.

KEVIN F. ROWE, CLERK

BY:
Lori Inferrera
Deputy-in-Charge